# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAUN DEWAYNE HAMBRICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-CV-148-GKF-JFJ |
| ) | |
| JANET DOWLING, Warden ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner, a state prisoner appearing pro se, brings this 28 U.S.C. § 2254 habeas corpus action to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2012-50. Before the Court is Respondent's motion to dismiss the petition as time barred under 28 U.S.C. § 2244(d)'s one-year statute of limitation (Dkt. # 6). Respondent filed a brief in support of her motion (Dkt. # 7), and Petitioner filed a response in opposition to the motion (Dkt. # 8). For the reasons discussed below, the Court grants Respondent's motion and dismisses the habeas petition.

### *BACKGROUND*

In October 2012, a Tulsa County jury convicted Petitioner of assault with a dangerous weapon, in violation of OKLA. STAT. tit. 21, § 645 (2011) (Count 1), and possession of a firearm after former conviction of a felony, in violation of OKLA. STAT. tit. 21, § 1283(A) (2011) (Count 2). Dkt. # 1, at 1; Dkt. # 7-1, at 1. Consistent with the jury's sentencing recommendations, the trial court imposed a 20-year prison sentence and $5,000 fine as to Count 1 and a 5-year prison sentence and

$5,000 fine as to Count 2. Dkt. # 7-1, at 1. The court ordered the sentences to be served consecutively. *Id.*

Represented by appellate counsel, Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), asserting four propositions of error. *Id.* at 1-4. By unpublished summary opinion, filed December 5, 2013, in Case No. F-2012-939, the OCCA affirmed Petitioner's convictions and sentences. *Id.* Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. Dkt. # 1, at 2.

Petitioner, represented by post-conviction counsel, filed an application for post-conviction relief in state district court on June 30, 2015. Dkt. # 1, at 3; Dkt. # 7-2. In an order filed October 16, 2015, the state district court denied Petitioner's application for post-conviction relief. Dkt. # 7-3. Petitioner did not timely appeal the state district court's decision. Dkt. # 1, at 12. However, on November 10, 2016, in Case No. PC-2016-990, the OCCA granted Petitioner leave to file an out-of-time post-conviction appeal. Dkt. # 7-4, at 1, n.1. By unpublished order filed April 21, 2017, in Case No. PC-2016-1113, the OCCA affirmed the state district court's order denying Petitioner's application for post-conviction relief. *Id.* at 7.

Petitioner filed the instant habeas petition on March 16, 2018. Dkt. # 1, at 1. Respondent moves to dismiss the habeas petition as time barred under 28 U.S.C. § 2244(d). Dkt. ## 6, 7.

## *ANALYSIS*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have a one-year limitation period in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). Generally, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

2

§ 2244(d)(1)(A).[1] This one-year limitation period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). However, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In other words, if a state prisoner files an application for post-conviction relief in state court after his one-year AEDPA deadline expires, that application has no tolling effect under § 2244(d)(2). *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Because the AEDPA's one-year limitation period is not jurisdictional, that period is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, a state prisoner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the prisoner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Respondent contends Petitioner (1) filed his habeas petition after the expiration of his AEDPA deadline, (2) is not eligible for statutory tolling, and (3) fails to demonstrate any circumstances supporting equitable tolling. Dkt. # 7, at 1-4.

---

[1] The one-year period may also commence at a later date under the terms of § 2244(d)(1)(B), (C), and (D). Petitioner does not suggest that any of these provisions apply. Dkt. ## 1, 8. As a result, the Court considers only whether the petition is timely under § 2244(d)(1)(A).

3

Petitioner asserts that his petition is timely because he filed it "within the 1 year deadline from [his] last appeal to exhaust all state remedies," namely, within one "year from [the] final denial of Post-Conviction Relief, which was April 21, 2017." Dkt. # 1, at 12; Dkt. # 8, at 1. He also alleges that his delay in pursuing state post-conviction relief was based on circumstances beyond his control. Dkt. # 1, at 12.

The Court agrees with Respondent that the petition is untimely. Petitioner's contrary position rests on a misunderstanding of the event triggering commencement of § 2244(d)(1)(A)'s one-year limitation period. As stated, under that provision the one-year period begins to run from the date the prisoner's convictions become final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner sought direct review of his convictions by filing a direct appeal with the OCCA, and the OCCA affirmed Petitioner's convictions on December 5, 2013. Dkt. # 7-1. Because Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, *see* Dkt. # 1, at 2, the direct review of his convictions concluded—and his convictions therefore became final— on March 5, 2014, when the 90-day period for filing a petition for writ of certiorari with the Supreme Court expired. *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (noting state conviction becomes final when "availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied"). Under § 2244(d)(1)(A), Petitioner's one-year limitation period for filing a federal habeas petition commenced the next day, on March 6, 2014, and expired on March 6, 2015. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA one-year limitation period); Fed. R. Civ. P. 6(a)(1)(A) (providing that day of the event triggering limitation period is excluded from calculation

4

of that period).  Petitioner did not file his federal habeas petition until March 16, 2018, just over three years after his one-year limitation period expired.  And, as Respondent contends, Petitioner is not entitled to statutory tolling of the one-year period because he did not file his application for post-conviction relief in state court until June 30, 2015, just over three months after his one-year limitation period expired.  *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714; *Fisher*, 262 F.3d at 1142-43.  Thus, unless Petitioner can show he is entitled to equitable tolling of the one-year period, his petition is time barred.

Petitioner offers two explanations for his failure to timely file the habeas petition.  First, he alleges that the delayed filing of his application for post-conviction relief resulted from "waiting on [his] family to hire a lawyer."  Dkt. # 1, at 12.  Second, he alleges that lawyer, after filing an application for post-conviction relief on Petitioner's behalf, failed to timely inform Petitioner that the state district court denied his application and failed to timely perfect a post-conviction appeal.  *Id.*  Thus, Petitioner alleges, he was forced to proceed pro se and pursue an out-of-time post-conviction appeal.  *Id.*  He further alleges that his out-of-time post-conviction appeal was delayed by his correctional facility's failure to timely submit fees to the OCCA.  *Id.*

The Court agrees with Respondent that these circumstances do not support equitable tolling.  As Respondent contends, there is no constitutional right to post-conviction counsel.  Dkt. # 7, at 3; *see Smallwood v. Gibson*, 191 F.3d 1257, 1269 (10th Cir. 1999).  Consequently, state prisoners must often pursue state post-conviction remedies without counsel.  Moreover, they must do so diligently to both (1) benefit from § 2244(d)(2)'s statutory tolling provision while exhausting state remedies and (2) file a federal habeas petition within the AEDPA's one-year limitation period.  In the absence of any constitutional right to post-conviction counsel, Petitioner's decision to retain post-conviction

5

counsel was certainly his decision to make. However, his assertion that he was "waiting on [his] family to hire a lawyer" before seeking post-conviction relief in state court does not show that he diligently pursued his rights before his AEDPA deadline passed. Nor does his delay in hiring post-conviction counsel constitute an extraordinary circumstance that prevented Petitioner from either filing an application for post-conviction relief or filing a federal habeas petition without counsel before his AEDPA deadline expired. Finally, to the extent Petitioner seeks equitable tolling based on post-conviction counsel's failure to pursue a timely post-conviction appeal, the Court finds that failure also does not warrant equitable tolling. It is true that "serious instances of attorney misconduct" can support equitable tolling. *Holland*, 560 U.S. at 652. But even assuming counsel's failure to timely file a post-conviction appeal amounts to "serious" misconduct, that failure occurred in November 2015. *See* Dkt. # 7-4, at 1 n.1 (noting that the OCCA granted an out-of-time post-conviction appeal from the state district court's October 16, 2015 Order). As discussed, Petitioner's AEDPA deadline expired in March 2015. Counsel's failure to timely file a post-conviction appeal eight months after that deadline expired did not prevent Petitioner from timely filing a federal habeas petition. For these reasons, the Court finds Petitioner has not met his burden to show that equitable tolling is warranted.

## *CONCLUSION*

Petitioner's habeas petition is untimely under § 2244(d)(1)(A) and Petitioner has not shown any circumstances supporting equitable tolling of the one-year limitation period. As a result, the Court grants Respondent's motion to dismiss and dismisses the petition for writ of habeas corpus, with prejudice, as time barred.

**Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court dismisses a habeas petition on procedural grounds, the applicant must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the habeas petition is time barred and that Petitioner fails to demonstrate any circumstances excusing the untimeliness of his petition. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss the petition as time barred (Dkt. # 6) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. A certificate of appealability is **denied**.
4. A separate judgment shall be entered herewith.

**DATED** this 15th day of October 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE